**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| WENDY CARRIZAL | ) | |
| | ) | |
|     **Plaintiff,** | ) | **CIVIL ACTION NO.  EP-18-CV-319** |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| MEGAN J. BRENNAN, | ) | |
| POSTMASTER GENERAL OF THE U.S. | ) | |
| POSTAL SERVICE, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
|     **Defendant.** | ) | |
| | ) | |

_____

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices, and to provide appropriate relief to Plaintiff Wendy Carrizal, who was adversely affected by such practices when her former employer, the United States Postal Service, subjected her to unlawful sexual harassment, and to unlawful reprisal, in the form of, first, decreased work hours, then, increased work hours without sufficient assistance, and eventually, after she suffered an injury, discharge.  And while management at the Postal Service claimed that Plaintiff's discharge occurred because she no longer had the ability to perform her work duties, Plaintiff believes that her protected activity, of complaining about being subjected to unlawful sexual harassment, was the real reason for her discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343.  This action is authorized and instituted pursuant to Section 717(c) and (d) of Title VII as amended, 42 U.S.C. §§ 2000e-16(c) and (d), and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. §1981a.

2.      The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3.      Plaintiff Wendy Carrizal is a former employee of the United States Postal Service.

4.      At all relevant times, Plaintiff Wendy Carrizal was an employee of the United States Postal Service.

5.      Defendant Megan J. Brennan is sued only in her official capacity, as the Postmaster General of the United States Postal Service.

## STATEMENT OF CLAIMS

6.      Plaintiff Wendy Carrizal is female.

7.      An Equal Employment Opportunity (hereinafter "EEO") Complaint underlies lawsuit.

8.      By having filed that EEO Complaint, and by having, before filing that EEO Complaint, complained about sexual harassment, directly to her direct supervisor, Plaintiff engaged in protected activity.

9.      Throughout her time working under the direct supervision of Postmaster Edgar Moya, beginning during her training with him, in Fort Hancock, and continuing until at least April 2013, Mr. Moya, a supervisor, subjected Plaintiff to unlawful sexual harassment in violation of Title VII.

10.      There are numerous examples of conduct by Plaintiff's direct supervisor, Edgar Moya, directed towards Plaintiff and directed towards other women, which contributed to the unlawful sexual harassment to which he subjected Plaintiff.

11.     For example, regularly when Edgar Moya spoke to Plaintiff, he stared at her breasts.

12.     Additionally, Edgar Moya regularly looked Plaintiff all the way up and down in a sexually suggestive way.

13.     Edgar Moya also regularly tried to flirt with Plaintiff, commenting about how quiet she was, and insisting that he wanted her to talk to him.

14.     There was also an occasion when Mr. Moya got inappropriately close to Plaintiff, and told her that he knew they were friends at work, but that he wanted to be more than friends with her, out of work.

15.     Additionally, there was an occasion when Edgar Moya told Plaintiff, in a suggestive way, that in the Post Office, "everybody goes out with everybody".

16.     Edgar Moya also made comments about sexual activity, in the workplace during work hours.

17.     For example, on an occasion when one of Plaintiff's co-workers showed Plaintiff and Mr. Moya a picture of her girlfriend, Mr. Moya responded by saying, "lend her to me, you wouldn't even know what to do with her, or if you want, you can join us."

18.     There was another occasion when Plaintiff was working on her knees, taping up closed P.O. Boxes, when Mr. Moya invaded her personal space, and told Plaintiff, while signaling to his pelvic area with his eyes, "You look good working on the floor.  Do you like to work on your knees?"

19.     On another occasion, Edgar Moya told Plaintiff that she was good at making babies, since she has five kids, and asked if he could use her "baby making machine."

20.     Various times, as he made sexual advances of one sort or another, Edgar Moya

**COMPLAINT**

3

also pointed out to Plaintiff that he did not have to renew her employment contract.

21.     By doing this, Edgar Moya implied that Plaintiff might lose her job if she did not give in to his sexual advances.

22.     Plaintiff was also told, by a co-worker, that a customer had accused Mr. Moya of having asked that customer's wife for a kiss, in exchange for giving her mail to her.

23.     Plaintiff regularly responded to Edgar Moya's sexual advances by telling him, "no" and/or by trying to show him that his conduct towards her was inappropriate, by, for example, asking him what his wife would think.

24.     For example, immediately after Edgar Moya told her that "everybody goes out with everybody in the post office," Plaintiff responded by telling Mr. Moya that she had been married twenty years, and that she loved and respected her husband very much, and that she was faithful to him, even with her thoughts.

25.     Additionally, on the occasion when Edgar Moya told Plaintiff that he wanted to be "more than friends" with her, outside of work, she angrily responded by saying, "no," and by telling him that she did not want to be his friend, nor did she need him to be her friend, that he was the boss, and that was all.

26.     When direct responses to Mr. Moya failed to stop him from subjecting her to unlawful sexual harassment, Plaintiff filed the EEO Complaint which underlies this lawsuit.

27.     After Plaintiff filed her EEOC complaint, management made significant changes in her work situation.  First, management lowered her work hours.  Then, management increased her work hours to the extent that she needed assistance, without providing such assistance to her. Eventually, management discharged Plaintiff from her employment.

28.     By making such drastic changes to her work situation, including eventually

4

**COMPLAINT**

discharging her, management has engaged in conduct which would dissuade a reasonable person from engaging in protected activity.

29.     On or about August 14, 2013, Plaintiff Wendy Carrizal submitted an EEO Complaint of Discrimination in the Postal Service, based, in part, on gender, which was timely as to the "baby making machine" allegation.

30.     Having made a timely gender-based EEO Complaint about one incident which contributed to the unlawful sexual harassment to which she was being subjected, and which created an unlawfully hostile work environment for her, because of her gender, Wendy Carrizal made a timely EEO Complaint about every incident which contributed to that unlawfully hostile work environment.

31.     Plaintiff's EEO Complaint was subsequently amended to include her claim that she had been unlawfully reprised against, for having engaged in the protected activity of filing an EEO Complaint.

32.     This Complaint is filed on or before the 90th day following receipt by Plaintiff's Counsel of the Final Agency Decision from the United States Postal Service regarding Plaintiff Wendy Carrizal's EEO Complaint.

33.     All conditions precedent to this institution of this lawsuit have been fulfilled.

34.     Defendant has engaged in unlawful employment practices, as described in more detail above, in violation of Title VII, 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to unlawful sexual harassment, and by subjecting Plaintiff to unlawful reprisal for her prior protected activity of complaining about unlawful sexual harassment.

35.      The effect of the unlawful employment practices complained of above, has been to deprive Plaintiff Wendy Carrizal of equal employment opportunities, because of her gender,

5

**COMPLAINT**

and the unlawful employment practices complained of above have otherwise adversely affected

Ms. Carrizal's status as an employee, because of her gedner.

36.      The violations of Title VII complained of above were committed intentionally.

37.      Because Plaintiff was subjected, by her supervisor, to unlawful sexual

harassment, and because it cannot prevail on the affirmative defense, Defendant is legally

responsible for the unlawful sexual harassment, and the resulting unlawfully hostile work

environment, to which Plaintiff was subjected, because of her gender.

38.      The unlawful sexual harassment, and the resulting hostile work environment, to

which Plaintiff was subjected, because of her gender, has caused Plaintiff non-pecuniary

damages, including but not limited to, emotional pain, suffering, inconvenience, humiliation,

mental anguish, and loss of enjoyment of life.

39.      The unlawful reprisal to which Plaintiff was subjected, because she engaged in

the protected activity of complaining, first directly to the sexual harasser, her direct supervisor,

and eventually through the EEO process, has caused Plaintiff pecuniary losses in the form of lost

pay.

40.      The unlawful reprisal to which Plaintiff was subjected, because she engaged in

the protected activity of complaining, first directly to the sexual harasser, her direct supervisor,

and eventually through the EEO process, has caused Plaintiff non-pecuniary damages, including

but not limited to, emotional pain, suffering, inconvenience, humiliation, mental anguish, and

loss of enjoyment of life.

41.      The unlawful sexual harassment, and the resulting hostile work environment, to

which Plaintiff was subjected, because of her gender, will cause Plaintiff future non-pecuniary

damages, including but not limited to future emotional pain, suffering, inconvenience,

6

humiliation, mental anguish, and loss of enjoyment of life.

42.     The unlawful reprisal to which Plaintiff was subjected, because she engaged in the protected activity of complaining, first directly to the sexual harasser, her direct supervisor, and eventually, formally through the EEO process will cause Plaintiff future non-pecuniary damages, including but not limited to future emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Wendy Carrizal respectfully requests that this Court:

A.     Order Defendant to make whole Plaintiff Wendy Carrizal by providing compensation for her past and future non-pecuniary losses resulting from the unlawful sexual harassment to which she was subjected, and the resulting hostile work environment, including but not limited to emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial;

B.     Order Defendant to make whole Plaintiff Wendy Carrizal by providing compensation for the past and future pecuniary and non-pecuniary losses resulting from the unlawful reprisal to which she was subjected, for having engaged in protected activity, including but not limited to emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial

C.     Award Plaintiff Wendy Carrizal her attorneys' fees and costs associated with this lawsuit; and

D.     Grant such further relief as the Court deems necessary and proper.

7

COMPLAINT

## <u>JURY TRIAL DEMAND</u>

Plaintiff Wendy Carrizal requests a jury trial on all questions of fact raised by this

Complaint.

Respectfully Submitted

  /s/ Leticia Dominguez
LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com

The DOMINGUEZ LAW FIRM PLLC
4171 N. Mesa, Suite B-201
El Paso, TX 79902
      Telephone:  (915) 544-7087
      Facsimile:  (915) 544-8305

8

**COMPLAINT**